**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANANT KUMAR TRIPATI,

Plaintiff-Appellant,

v.

CORIZON INCORPORATED; et al.,

Defendants-Appellees,

ARIZONA DEPARTMENT OF
CORRECTIONS,

Intervenor-Defendant-
Appellee.

No.   19-15953

D.C. No. 4:13-cv-00615-DCB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Arizona state prisoner Anant Kumar Tripati appeals pro se from the district

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and state law medical negligence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendant Dr. Catsaros on Tripati's Eighth Amendment claim because Tripati failed to raise a genuine dispute of material fact as to whether Dr. Catsaros was deliberately indifferent to his serious medical needs. *See id.* at 1060-61 (a prison official acts with deliberate indifference only of he or she knows of and disregards a risk to the prisoner's health; medical malpractice, negligence or difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment for defendant Corizon Incorporated ("Corizon") because Tripati failed to raise a genuine dispute of material fact as to whether Corizon's policy or custom violated his Eighth Amendment rights. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the private entity's custom or policy violated the plaintiff's constitutional rights).

The district court properly granted summary judgment on Tripati's medical negligence claims because Tripati failed to introduce expert testimony and therefore failed to raise a genuine dispute of material fact as to whether defendants

breached a duty of care owed to him. *See Ryan v. S.F. Peaks Trucking Co., Inc.*, 262 P.3d 863, 869-70 (Ariz. Ct. App. 2011) (expert testimony is required to establish medical negligence unless it is readily apparent to a layman).

We affirm the district court's denial of Tripati's discovery motions because Tripati failed to demonstrate that the denial of discovery resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

Tripati's motion to file an oversized brief (Docket Entry No. 29) is granted. The Clerk is instructed to file the reply brief submitted at Docket Entry No. 25.

Tripati's request for judicial notice, set forth in the reply brief, is denied as unnecessary.

**AFFIRMED.**